REGAN, Judge.
The plaintiff, Pordora Newell, filed this suit against the defendants, New Orleans Stevedoring Company and the Employers National Insurance Company, its insurer, endeavoring to recover compensation for total and permanent disability which he asserted was the result of impaired vision caused when he was struck on the side of his face near the right eye by a cable.
The defendants answered and simply denied that the plaintiff was entitled to recover workmen’s compensation since he did not incur any permanent injury to his right eye or to any other part of his body.
Following a trial on the merits, the lower court rendered judgment in favor of the defendants, dismissing the plaintiff’s suit. From that judgment, the plaintiff has prosecuted this appeal.
In this court the plaintiff has abandoned his claim for total and permanent disability and now requests that he be permitted to recover one hundred weeks of compensation at the rate of $12,50 per week, apparently predicating his claim on the rationale emanating from R.S. 23:1221(4).
The record discloses that there exists no dispute as to the occurrence of an accident and an injury to the plaintiff when he was struck on the right side of the face by a cable in the course of his work as a longshoreman while in the employ of New Orleans Stevedoring Company.
It was proved at the trial hereof that the plaintiff was not absent from work following the accident and that he continued to pursue his occupation as a longshoreman without interruption.
Following the accident he was examined by the defendant’s physician, Dr. Robert F. Azar, an expert in the field of ophthalmology. He explained that on September 26, 1969, he observed a small abrasion on the skin near the plaintiff’s right eye. He also noticed a pallor of the optic nerve not only in this eye but also in the left eye. However, the pallor in the right eye was somewhat greater. He related that the pallor, which could be caused by trauma to the optic nerve, would not be observable until several weeks or several months after a trauma. Dr. Azar performed visual field tests and stated that these tests are essen *381 tially of no value since they are subjective and depend to a large extent upon the patient’s degree of education, ability to cooperate, and to comprehend. It was his opinion that the plaintiff possessed normal visual fields, considering his age and a pre-existing cataract condition.
Plaintiff’s counsel explained in this court that his original suit requested the rendition of a judgment for total and permanent disability; however, he pointed out that it subsequently developed into one for loss of a physical function. The function allegedly lost was a portion of the visual field of the right eye. In support of this contention, the plaintiff offered on his behalf the testimony of Dr. Monte Holland, also an expert in the field of ophthalmology. Dr Holland initially examined the plaintiff on December 2, 1969, and made a subsequent examination on November 6, 1970, which was shortly before the trial hereof. He explained that the plaintiff had a “pallor” or loss of color in the right optic nerve head, which could indicate atrophy and loss of neurons. He stated that this condition requires the passage of several months to develop and that, while it can be caused by trauma, it may also be caused by many other conditions. He performed a visual field test, which he also considered unreliable, and expressed the opinion that it might indicate some loss of the visual field in the right eye, but declined to give a percentage estimate of such loss.
In the course of the trial, Dr. Holland was admonished by the plaintiff’s attorney that what he was endeavoring to elicit from him was not absolute or moral certainty, but only reasonable medical certainty as to his diagnosis of the plaintiff’s condition. On cross-examination, however, Dr. Holland admitted that he could not, with reasonable medical certainty, state that either the pallor of the head of the plaintiff’s right optic nerve or the diminution of the plaintiff’s peripheral vision in the right eye was caused by the accident. Plaintiff’s counsel insists that these statements represent merely an effort on the part of Dr. Holland to avoid being dogmatic. However, in comparing this portion of his testimony with other portions thereof, we are convinced that Dr. Holland meant exactly what he said, namely, that he could not with reasonable medical certainty, connect the condition of plaintiff’s right eye with the accident. Therefore, we are unable to discover any error in the lower court’s finding of fact that the plaintiff failed to substantiate his claim with that certainty required by law.
The jurisprudence is clear to the effect that in compensation cases, as well as in other civil matters, the plaintiff bears the burden of proof and must establish his claim with a legal certainty by a reasonable preponderance of the evidence. Mere speculation, conjecture, or possibility are not sufficient to support a judgment.[1]
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. See, for example, Kirkham v. Consolidated Underwriters Ins. Co., La.App., 219 So. 2d 827; Scroggins v. Fishing Tools, Inc., La.App., 236 So.2d 505.